# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50884
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
August 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORBERTO CAMACHO, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-29-1

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

Norberto Camacho, Jr., federal prisoner # 46177-179, moves for the appointment of counsel and for leave to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence pursuant to Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP in this court, Camacho is challenging the district court's certification that his appeal is not in good faith. *See Baugh*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50884

*v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

We previously dismissed for want of prosecution a prior appeal filed by Camacho from the district court's denial of this same § 3582(c)(2) motion. Thus, from a procedural standpoint, Camacho's instant appeal of the denial of his § 3582(c)(2) motion is frivolous because it is merely duplicative of his previously dismissed appeal and thus does not involve arguable legal issues. *See Howard*, 707 F.2d at 220.  Moreover, as explained below, even if the substance of this appeal is considered, Camacho has failed to raise any arguable legal points.  *See id.*

We review a district court's denial of a § 3582(c)(2) motion for an abuse of discretion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted).

In accordance with the two-step analysis set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010), the district court implicitly determined that Camacho was eligible for a sentence modification before concluding that a reduction was not warranted in light of the 18 U.S.C. § 3553(a) sentencing factors and, in particular, the seriousness of the offense and the potential danger to the community.  Camacho's assertion in this appeal that the district court improperly evaluated those two statutory sentencing factors is insufficient to establish that the district court made a legal error or clearly erred in assessing the evidence.  *See Henderson*, 636 F.3d at 717; *see also*

No. 16-50884

§ 3553(a)(2)(A), (C).  Rather, Camacho is merely expressing his disagreement with the court's balancing of the § 3553(a) factors, which is insufficient to show an abuse of discretion.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Furthermore, we will not consider Camacho's new argument on appeal that he had engaged in positive post-sentencing conduct warranting a sentence reduction.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

In sum, considering both the procedural circumstances and the substantive arguments involved, Camacho has failed to show that his appeal raises a non-frivolous issue.  *See Howard*, 707 F.2d at 220.  Therefore, Camacho's motions for leave to proceed IFP and for the appointment of counsel are DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.